# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-01949-LTB

UNITED STATES OF AMERICA, for the use of
KING MOUNTAIN GRAVEL, LLC, a Colorado limited liability company,

       Plaintiff,

v.

RB CONSTRUCTORS, LLC, an Idaho limited liability company, and
LIBERTY MUTUAL INSURANCE COMPANY,

       Defendants.

---

## MEMORANDUM OPINION AND ORDER
---

Babcock, J.,

This case is before me on Defendants, RB Constructors, L.L.C. ("RB") and Liberty Mutual Insurance Company's ("Liberty") (collectively "Defendants"), Motion to Dismiss Plaintiff's third claim for relief [**Docket # 7**], Plaintiff, King Mountain Gravel, LLC's ("Plaintiff"), Response [**Docket # 13**], and Defendants' Reply [**Docket # 16**]. Oral arguments would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT Defendants' motion [**Docket # 7**].

## I. BACKGROUND

The determinative facts do not appear to be disputed. Plaintiff was a subcontractor of general contractor RB on a federal road project in Rio Blanco County, Colorado. Since the road project was a federal construction project, RB obtained a payment bond from Liberty as required by the Miller Act, 40 U.S.C. §§ 3131–34. Plaintiff now claims it has performed its work but has

not been paid in full under the terms of the contract with RB.  Plaintiff brought this Miller Act action against Defendants asserting the following six claims for relief: (1) breach of contract/Miller Act; (2) *quantum meruit*; (3) violation of the Prompt Payment Act; (4) promissory estoppel; (5) action on account; and (6) breach of payment bond contract.  Defendants originally filed a motion to dismiss claims two and three, but have since amended their motion so as only to encompass claim three.

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim.  *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989).  Granting a motion to dismiss is a harsh remedy which must be exercised with caution to protect the liberal rules of pleading and the interests of justice.  *Id*.  Nonetheless, a claim "may be dismissed either because it asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim."  *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, a district court must accept as true all factual allegations in the complaint.  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).  A district court should dismiss the complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).  While the factual allegations need not be pleaded in great detail, they must be sufficiently precise to raise a right to relief above the speculative level.  *Bell Atl.*, 127 S. Ct. at 1964–65, 1969 (abrogating the rule of *Conley v. Gibson*, 355 U.S. 41, 44–45 (1957), that "a

2

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *Kay*, 500 F.3d at 1218.

### III. ANALYSIS

Defendant argues there is no private cause of action between contractors under the Prompt Payment Act, 31 U.S.C. § 3901, *et seq*. The few courts to address this issue agree with Defendant. *See, e.g., United States ex rel. Maris Equip. Co., Inc. v. Morganti, Inc.*, 163 F. Supp. 2d 174, 197 (E.D.N.Y. 2001); *In re Thomas*, 255 B.R. 648, 654 (Bankr. D.N.J. 2000); *United States ex rel. Va. Beach Mech. Servs., Inc., v. SAMVO Constr. Co.*, 39 F. Supp. 2d 661, 677–78 (E.D. Va. 1999); *Transamerica Premier Ins. Co. v. Ober*, 894 F. Supp. 471, 480 (D. Me. 1995). I am likewise persuaded.

As the complaint makes clear, this action is brought under the Miller Act. The Miller Act is a federal statute enacted to protect subcontractors and suppliers who provide goods and services for federal construction contracts. *See United States ex rel. B & M Roofing of Colo., Inc. v. AKM Assocs., Inc.*, 961 F. Supp. 1441, 1443–44 (D. Colo. 1997). The Miller Act provides an alternative remedy to the mechanics' liens ordinarily available on private construction projects. *Id*. Because a lien cannot attach to federal property, suppliers of materials or labor are protected by a payment bond. *Id*. The Miller Act allows a subcontractor to pursue legal action in federal court against a contractor for nonpayment under the bond. *Id*.

The Prompt Payment Act, on the other hand, requires a federal contractor to include certain terms and obligations regarding payment in each subcontract entered into. *See* 31 U.S.C. § 3905. While the Prompt Payment Act does "not limit or impair any contractual, administrative,

or judicial remedies otherwise available to a contractor or a subcontractor in the event of a dispute involving late payment or nonpayment by a prime contractor or deficient subcontract performance or nonperformance by a subcontractor," 31 U.S.C. § 3905(j), the Prompt Payment Act provides no express private cause of action. Plaintiff argues, however, that there is an implied private cause of action under the Prompt Payment Act.

Federal courts "exercise great caution in finding an implied right of action." *Davis-Warren Auctioneers, J.V. v. F.D.I.C.*, 215 F.3d 1159, 1162 (10th Cir. 2000). In order to demonstrate that an implied cause of action exists, a Plaintiff "must overcome the familiar presumption that Congress did not intend to create a private right of action." *Casas v. Am. Airlines, Inc.*, 304 F.3d 517, 522 (5th Cir. 2002). Such a presumption can be overcome if it is evident that Congress intended to create such a remedy or when such a remedy is clearly consistent with the underlying purposes of the legislative scheme. *See L'ggrke v. Benkula*, 966 F.2d 1346, 1347 (10th Cir. 1992). Congressional intent can be implied by the text or structure of the statute, or by a review of the statute's legislative history. *See Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1246 (10th Cir. 2001); *Pelt v. State of Utah*, 104 F.3d 1534, 1544 (10th Cir. 1996).

A "cautious" review of the statutory text and legislative history of the Prompt Payment Act—particularly when construed with the Miller Act—indicate that Congress did not intend a subcontractor to have a private cause of action under the Prompt Payment Act. Every suit instituted under the Miller Act "must be brought in the name of the United States for the use of the person bringing the action." 40 U.S.C. § 3133(b)(3)(A); *see also United States ex rel. Canion v. Randall & Blake*, 817 F.2d 1188, 1191 (5th Cir. 1987); *Hendry Corp. v. Am. Dredging*

4

*Co.*, 318 F.2d 299, 301 (5th Cir. 1963). The Prompt Payment Act, however, clarifies that a "dispute between a contractor and subcontractor to a payment or a late payment interest penalty under a clause included in the subcontract pursuant to subsection (b) or (c) of this section does not constitute a dispute to which the United States is a party. The United States may not be interpleaded in any judicial or administrative proceeding involving such a dispute." 31 U.S.C. § 3905(i). Subsection (b) and (c) are the controlling provisions relating to a contract between a general contractor and subcontractor—the same type of contract underlying the cause of action here. *See, e.g., Va. Beach Mech. Servs.*, *supra*, 39 F. Supp. 2d at 677.

A comparison of the two statutes indicates that a subcontractor bringing a claim under the Miller Act—a claim that must be brought in the name of the United States—cannot also bring a claim under the Prompt Payment Act because such a claim cannot be brought in the name of the United States. When Congress has enacted two statutes which appear to conflict, I must attempt to construe their provisions harmoniously. *United States v. State of Colorado*, 990 F.2d 1565, 1575 (10th Cir. 1993). When the two statutes are capable of co-existence, it is my duty—absent clearly expresses congressional intent to the contrary—to regard each as effective. *Id.* (citing *County of Yakima v. Confederate Tribes & Bands of Yakima Indian Nation*, 502 U.S. 251 (1992)).

Applying these well-settled rules of statutory application to this particular case, it appears Congress intended that a subcontractor must opt to bring its claims *either* under state law—as allowed by 31 U.S.C. § 3905(j)—or under the Miller Act. *See Va. Beach Mech. Servs.*, *supra*, 39 F. Supp. 2d at 677. "This is so because, again, the Miller Act makes the United States the named plaintiff in a breach of contract action against the general contractor." *Id.* Pursuing a claim under

a "Miller Act performance bond, of which the United States is the obligee, on the basis of violations of the Prompt Payment Act . . . flies in the face of this provision." *Transamerica*, *supra*, 894 F. Supp. at 480.

Moreover, even if a Prompt Payment Act cause of action were allowable, it would be inappropriate in this case. The legislative history of the Prompt Payment Act makes clear that its protections apply only after it has been resolved that a contractor is entitled to payment. *See* H.R. REP. NO. 100-784, 1988 WL 169810, at *11 (1988) ("If a dispute exists, a contractor is not entitled to payment or late payment interest penalties until the dispute is resolved."); *see also In re Frontier Airlines, Inc.*, 146 B.R. 574, 577 n.3, 579 (D. Colo. 1992). Accordingly, Plaintiff cannot bring a concurrent Prompt Payment Act claim in conjunction with its Miller Act claims.

## IV. CONCLUSION

When review of a federal statute indicates Congress did not intend to create a private cause of action, dismissal of claims alleging such a cause of action is appropriate under FED. R. CIV. P. 12(b)(6). *See Davis-Warren*, *supra*, 215 F.3d at 1162. Accordingly, Defendants' Motion to Dismiss Plaintiff's third claim for relief [**Docket # 7**] is GRANTED.

Dated: January   23  , 2008.

BY THE COURT:

    s/Lewis T. Babcock
Lewis T. Babcock, Judge